HAUDENSCHIELD, Appellee and Cross–Appellant,

v.

NATIONWIDE INSURANCE COMPANY, Appellant and Cross–Appellee.

[Cite as *Haudenschield v. Nationwide Ins. Co.* (1991), 73 Ohio App.3d 296.]

Court of Appeals of Ohio,
Hardin County.

No. 6–90–2.

Decided April 30, 1991.

*Bradford W. Bailey,* for appellee and cross-appellant.

*Robert B. Spurlock* and *G. Scott McBride,* for appellant and cross-appellee.

EVANS, Judge.

This is an appeal of a judgment of the Court of Common Pleas of Hardin County in an action to confirm the award of an arbitration panel under the provisions of R.C. 2711.09 or in the alternative for a judgment in the amount of the arbitrators' award. The trial court awarded judgment in the amount granted by the arbitration panel.

Plaintiff Rodney Lee Haudenschield suffered personal injuries in a collision with an underinsured motorist. Plaintiff was insured by an insurance policy issued by the defendant, Nationwide Insurance Company. The policy contained an arbitration provision which applied if the parties could not agree on the amount of damages due under the policy. In fact, a dispute arose concerning the amount due to plaintiff from his insurance company, so the parties went to arbitration. In due course the panel returned its award in writing but the parties continued to disagree about the actual amount owed by defendant. Thereupon plaintiff brought his action in the common pleas court in an effort to secure payment of the amount awarded in arbitration.

Defendant appeals the judgment of the common pleas court and assigns three errors as follows:

"The trial court committed substantial error, prejudicial to defendant-appellant in not sustaining its timely motion to dismiss the action on the ground that it was not filed within the time permitted by the statute creating the right."

"The trial court committed substantial error, prejudicial to the rights of the defendant-appellant in construing the report of the arbitrators to include matters not reserved for arbitration by the contract providing for it, which were not within the jurisdiction of the arbitration and in not finding and concluding from the evidence that the arbitrators decided only the matter which was within their jurisdiction."

"The trial court committed substantial error prejudicial to defendant-appellant in not finding, concluding and entering judgment that defendant had fully paid all amounts owing to plaintiff under the uninsured/underinsured portions of the policy subject to this action."

For the reasons which follow we overrule all three assignments of error.

The dispute in this case centers around the fact that the plaintiff received a partial payment for his injuries from the underinsured motorist in the accident in the amount of $5,500. The defendant contends that it owes only the difference between the arbitration award and the amount already paid by the underinsured motorist while the plaintiff contends that the entire amount awarded by the arbitration panel is due.

The arbitration panel made the following return: "The decision is that Nationwide Insurance Company shall pay to Rodney Haudenschield Eighty Seven Hundred Dollars and 00/100 ($8700.00), as full and complete compensation from said accident." This response leaves unanswered the question about the application of the $5,500 payment. The quandary presented is reflected in the final sentence of the judgment entry of the trial court, where the court said, "This leads the court to believe that the language used is most susceptible to being read to require payment by Nationwide to plaintiff of $8700.00 rather than $3200.00."

■■ An arbitration award must be clear and unambiguous. The proof that this one is not lies in the fact that the trial court was required to construe the language of the award.

■■ We conclude that this dispute arises out of a faulty submission to the arbitration panel. It is fundamental that arbitration is a matter of contract. If the parties had no meeting of the minds concerning the question to be arbitrated, the submission is faulty and it will not support a valid award. We find the following pertinent statements in Ohio Jurisprudence 3d:

"The certainty of an award is one of its indispensable and essential properties. It must be complete and definite. It must leave open no loophole for future dispute and litigation." 6 Ohio Jurisprudence 3d (1978) 61, Arbitration and Award, Section 61.

"The submission must be sufficiently definite and certain to enable the arbitrators to ascertain from its terms the specific matters which they are called upon to determine, and must clearly state the controversial issue out of which the dispute between the parties arises. If the submission be defective in this regard it may be held void for uncertainty, and consequently incapable of supporting a lawful award." (Footnote omitted.) 6 Ohio Jurisprudence 3d (1978) 16, Arbitration and Award, Section 13.

■■ It is apparent that the parties did not enter into arbitration with a single question agreed upon which could be submitted to the arbitration panel for decision. Had a carefully prepared question been agreed upon prior to arbitration, the answer of the arbitration panel would have resolved the dispute between the parties.

If the submission in this case had been sufficiently definite, the award of the arbitrators would not leave open for dispute the question about the application of the $5,500 payment, which is still unresolved after two lawsuits and two trips to the court of appeals. We hold that there is no lawful award in this case because of a lack of a definite submission and therefore nothing upon which the court of common pleas could render a judgment.

The plaintiff filed a cross-appeal in this matter claiming error for failure to award interest on the award of the arbitrators. For the reasons set forth above we overrule this assignment of error as well.

We reverse the judgment of the trial court and remand this cause with instructions to vacate the arbitration award in this case.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.